**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS HOUSTON
DIVISION**

| | | |
|---|---|---|
| **DRWANTED.COM LLC** § | | |
| **PLAINTIFF,** § | | |
| § | | |
| § | | |
| vs. § | | Case No. 4:20-cv-3822 |
| § | | |
| § | | **JURY TRIAL DEMANDED** |
| **NSR PHYSICIANS, P.A., AND** § | | |
| **HOSPITAL DOCS, P.A.,** § | | |
| **DEFENDANTS.** § | | |
| § | | |

**DEFENDANT'S HOSPITAL DOCS, P.A.'S ORIGINAL ANSWER AND
AFFIRMATIVE AND OTHER DEFENSES**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Defendant Hospital Docs, P.A., (the "Defendant"), files its Original Answer and Affirmative and Other Defenses to the Original Complaint (the "Complaint") filed by the Plaintiff, DrWanted.Com LLC (the "Plaintiff") and respectfully show as follows:

**ORIGINAL ANSWER**

Without waiving any of its affirmative or other defenses, Defendant answers the allegations contained in the Plaintiff's Complaint in corresponding numbered paragraphs as follows:

**I.    PARTIES, JURISDICTION AND VENUE**

1. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint, and on that basis denies those allegations. Specifically, Defendant is without knowledge of the citizenship of the Plaintiff and its members.

Defendant's Original Answer                                                                                                  1

2. Upon information and belief, Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Upon information and belief, Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint, and on that basis denies those allegations. Specifically, Defendant is without knowledge of the citizenship of the Plaintiff and its members and the amount in controversy.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint, and on that basis denies those allegations.

## II.   FACTS

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint, and on that basis denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint, and on that basis denies those allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint, and on that basis denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint, and on that basis denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint, and on that basis denies those allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint, and on that basis denies those allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint, and on that basis denies those allegations.

16. Defendant admits that the allegations as it relates to the sequence of events, but it denies the allegations contained in Paragraph 16 of the Complaint as it leaves out the substantial facts that Defendant's statements (through its CEO) were part of its due diligence into a possible acquisition of Defendant NSR Physicians, P.A. and conditional upon Defendant actually acquiring Defendant NSR Physicians, P.A. Specifically, Defendant never acquired the co-Defendant and was never assigned, novated nor agreed to assume the contract in question between Plaintiff and Defendant NSR Physicians, P.A.  Thus, Defendant is not a proper party to this lawsuit.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint, and on that basis denies those allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint, and on that basis denies those allegations.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint, and on that basis denies those allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint, and on that basis denies those allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint, and on that basis denies those allegations.

23. Defendant denies the allegations in Paragraph 23 of the Complaint as it never owed any money to Plaintiff.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint, and on that basis denies those allegations.

25. Defendant denies the allegations in Paragraph 25 of the Complaint as it never owed any money to Plaintiff.

26. As it relates to Defendant, Defendant denies the allegations as they relate to Defendant Hospital Docs, P.A. because this Defendant never acquired Defendant NSR Physicians, P.A. nor did it become responsible for payment of such defendant's debts. As to the remaining defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 26 of the Complaint, and on that basis denies those allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint, and on that basis denies those allegations.

### III.   COUNT ONE – BREACH OF CONTRACT

28. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint, and on that basis denies those allegations.

30. As it relates to Defendant, Defendant denies the allegations as they relate to Defendant Hospital Docs, P.A. because this Defendant never acquired Defendant NSR Physicians, P.A. As to the remaining defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 30 of the Complaint, and on that basis denies those allegations.

31. As it relates to Defendant, Defendant denies the allegations as they relate to Defendant Hospital Docs, P.A. As to the remaining defendant, Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 31 of the Complaint, and on that basis denies those allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint, and on that basis denies those allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint, and on that basis denies those allegations.

### IV. COUNT TWO – ATTORNEYS' FEES

34. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint, and on that basis denies those allegations.

35. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint, and on that basis denies those allegations.

36. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint, and on that basis denies those allegations.

37. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint, and on that basis denies those allegations.

## V. PRAYER FOR RELIEF

With regard to the Plaintiff's relief sought, and all subparts thereto, no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies that the Plaintiff is entitled to the relief sought, including sub-paragraphs A. to E.

## VI. AFFIRMATIVE AND OTHER DEFENSES

Without waiving the foregoing denials and admissions, and pleading in the alternative when necessary, Defendant pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

1. Plaintiff fails to state a claim against Defendant upon which relief may be granted. Specifically, Defendant was never a party to the contract, nor did it ultimately acquire Defendant NSR Physicians P.A., as the deal did not materialize. Accordingly, there is no legal theory whereby this Defendant would be responsible under a breach of contract theory (the sole substantive claim) as plead by Plaintiff.

2. Plaintiff's claims are barred to the extent the Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any.

3. Plaintiff's claims are subject to the appropriate credit, offset or reduction in judgment against the affirmative claims filed by Plaintiff.

4. Plaintiff's claims are barred by the equitable doctrines of waiver, judicial estoppel, collateral estoppel, res *judicata*, unclean hands and/or laches.

5. Defendant affirmatively pleads that Plaintiff has no standing to sue Defendant because any injury in fact to Plaintiff has not been caused by Defendant.

### VII.     JURY DEMAND

6.     Defendant demands a jury trial on all issues pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure.

### VIII.     RESERVATION OF RIGHTS

7.     Defendant reserves the right to raise any additional defenses, affirmative defenses, and avoidances that may arise after discovery is conducted.

### IX.     PRAYER FOR RELIEF

Therefore, Defendant Hospital Docs, P.A., respectfully requests that the Court ultimately dismiss this action with prejudice, order that the Plaintiff take nothing, enter judgment in favor of Defendant, award Defendant costs and reasonable attorneys' fees, and grant it all other relief to which they are justly entitled.

Respectfully submitted,

/s/ M. Sutarwalla

Murtaza F. Sutarwalla
State Bar No. 24056398
S.D. Tex. No. 2589991
*Attorney-in-Charge*

*Of Counsel:*

George Edwards III
State Bar No. 24055438
S.D. Tex. No. 1031248

**EDWARDS SUTARWALLA PLLC**
1300 McGowen St.

        Suite 270
Houston, Texas 77004
Telephone: (832) 717-2562
Fax: (713) 583-8715
Email:
murtaza@eslawpartners.com
george@eslawpartners.com

**ATTORNEYS FOR DEFENDANT**
**HOSPITAL DOCS, P.A.**

### CERTIFICATE OF SERVICE

I hereby certify that, a true and correct copy of the foregoing document was served on all counsel of record in this case on December 7, 2020 by electronic service through the Court's electronic filing system.

/s/ Murtaza Sutarwalla
_____
Murtaza F. Sutarwalla